IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>MA,<br><br>Respondent. | 1:15-cv-00600 AWI MJS HC<br><br>**ORDER GRANTING MOTION TO AMEND PETITION**<br><br>**ORDER DENYING MOTION FOR INJUNCTIVE RELIEF**<br><br>[Docs. 11-12] |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on April 17, 2015. (Pet., ECF No. 1.) On June 15, 2015, Petitioner filed separate motions to amend the petition and for injunctive relief. (ECF Nos. 11-12.)

Petitioner, in his motion to amend, seeks to amend the name of Respondent from Ma to Matevousian. (ECF No. 11.) The motion is hereby GRANTED.

Petitioner also seeks a preliminary injunction requesting release from the segregated housing unit, transfer to another prison, and timely adjudication of his habeas petition.

Rule 65(a) of the Federal Rules of Civil Procedure allows the Court to issue a preliminary injunction. The Court can issue a temporary restraining order if the moving

party has shown either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." <u>Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985), quoting <u>Apple Computer, Inc. v. Formula International, Inc.</u>, 725 F.2d 521, 523 (9th Cir. 1984). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. <u>Oakland Tribune</u>, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." <u>Id.</u> In the absence of a significant showing of irreparable injury, the Court need not reach the issue of likelihood of success on the merits. <u>Id.</u>

To obtain a preliminary injunction, a party must demonstrate either 1) a combination of probable success on the merits and the possibility of irreparable injury, or 2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. <u>First Brands Corp. v. Fred Meyer, Inc.</u>, 809 F.2d 1378, 1381 (9th Cir.1987.)

Petitioner has presented no evidence in his motion for preliminary injunction of the likelihood of success of the merits of the petition. Petitioner has provided little support for the motion, including only a few sentences regarding alleged intimidation and retaliation by the prison guards. Petitioner has provided no specific details regarding his claims to support the motion. Accordingly, Petitioner has failed to meet his burden demonstrating entitlement to injunctive relief.

Based on the foregoing, it is HEREBY ORDERED that Petitioner's motion for injunctive relief is DENIED.

IT IS SO ORDERED.

Dated:   June 17, 2015          /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE