IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. JOHNSON,<br><br>  Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN,<br><br>  Respondent. | Case No. 1:15-cv-00600 DAD MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE CLAIM**<br><br>**RECOMMENDATION TO DISMISS MOTIONS FOR INJUNCTIVE RELIEF**<br><br>[Docs. 18-19, 27, 36] |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on April 17, 2015. (Pet., ECF No. 1.) In the petition, Petitioner presents several challenges to his conditions of confinement. Specifically he challenges his placement in the Special Housing Unit, failure of prison staff to provide personal property, denial of Petitioner's requests to send legal mail, and failure by prison staff to protect Petitioner from assault by other inmates. (Id. at 3-4, 6-8.) On April 27, 2015, the Magistrate Judge issued findings and a recommendation to dismiss the petition for failure to state claims cognizable in a federal habeas corpus petition.

On June 18, 2015, the Court withdrew the findings and recommendation to

1

dismiss the petition. (ECF No. 16.) Specifically, the Court, relying on recent Circuit Court authority, found that the petition might state cognizable claims based on the fact that Petitioner was seeking a quantum change in his level of confinement in seeking release from the Secured Housing Unit. See Nettles v. Grounds, 788 F.3d 992, 1004 (9th Cir. 2015). The Court ordered Respondent to answer the petition, which Respondent did on August 17, 2015. (ECF No. 23.) In Respondent's answer, he contends that Petition is not entitled to relief because Petitioner did not exhaust his administrative remedies, that Petitioner's claims are not cognizable, and the conditions of his confinement are not unlawfully punitive and do not violate Petitioner's due process rights. (Id.)

Of particular relevance to the present petition, on January 20, 2016, the Ninth Circuit voted to rehear Nettles *en banc*, and the three judge opinion was vacated pending rehearing. Nettles v. Grounds, 810 F.3d 1138 (9th Cir. 2016). Based on the state of the case law, the Court finds it appropriate to dismiss the petition for lack of jurisdiction, as originally recommended before the issuance of the Nettles opinion.

## I. DISCUSSION

### A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Failure to State Cognizable Claim

The instant petition must be dismissed because it does not challenge the fact or duration of Petitioner's confinement.

1   A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. In other words, if a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then § 1983 is the appropriate vehicle. See Wilkinson v. Dotson, 544 U.S. 74 (2005).

At the core of Petitioner's claim is the Bureau of Prison's (BOP) decision or decisions concerning Petitioner's placement in custodial institutions and programs.

Congress has mandated that the BOP, under the direction of the Attorney General, shall manage and regulate all federal penal and correctional institutions. 18 U.S.C. § 4042(a)(1). Congress has also delegated to the BOP the authority to designate the institution of confinement. Title 18 U.S.C. § 3621(b) provides in pertinent part as follows:

> (b) The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> 1) the resources of the facility contemplated;
>
> 2) the nature and circumstances of the offense;
>
> 3) the history and characteristics of the prisoner;
>
> 4) any statement by the court that imposed sentence-
>
> A) concerning the purposes for which the sentence to imprisonment was

>    determined to be warranted; or
>
>    B) recommending a type of penal or correctional facility as appropriate; and
>
>    5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
>    In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b).

In Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2010), a federal prisoner brought a claim pursuant to 28 U.S.C. § 2241 alleging BOP had abused its discretion in expelling him from a residential drug abuse program (RDAP). The Petitioner sought re-admission into the RDAP and a twelve-month reduction in sentence upon successful completion of the program. The court held that 18 U.S.C. § 3625 precludes judicial review of discretionary, individualized RDAP determinations made by the BOP pursuant to 18 U.S.C. § 3621, which provide BOP discretion to determine RDAP eligibility and entitlement to sentence reductions for program participation. The court based its decision on provisions of the Administrative Procedure Act (APA) that provided a cause of action for persons suffering legal wrong or adverse effect from agency action, but which withdrew the cause of action to the extent that the pertinent statute "preclude[s] judicial review" or "the agency action is committed to agency discretion by law." Reeb v. Thomas, 636 F.3d at 1226; 5 U.S.C. §§ 702, 701(a). The court also relied on 18 U.S.C. § 3625, which stated in pertinent part that the provisions of 5 U.S.C. §§ 701 through 706 "do not apply to the making of any determination, decision, or order under this subchapter." Reeb, 636 F.3d at 1226 (quoting 18 U.S.C. § 3625). The court stated as follows:

>    There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701-706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621-3624. The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621. To find that prisoners can bring habeas

4

> petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review.

Id. at 1227. The court emphasized that the RDAP decisions challenged in that case were matters properly left to the BOP's discretion. Id.

This case is analogous with Reeb. Pursuant to § 3621(b), the designation of an institution of confinement, including placement in a security management unit, is a matter within the discretion of the BOP. This Court lacks subject matter jurisdiction to review the BOP's discretionary, individualized decisions concerning Petitioner's placement in a prison and Petitioner's placement in a security management unit. Accordingly, it would be futile to permit amendment of the petition to allege such claims because they relate to conditions of confinement and discretionary determinations that are beyond the scope of review in a proceeding pursuant to § 2241.

Petitioner's claims do not implicate the fact or duration of his confinement. Petitioner seeks relief for various conditions of his confinement. (See Pet.) Petitioner's claims, even if meritorious, would not implicate the duration of his confinement. Petitioner's claims are not cognizable grounds for federal habeas corpus relief and must be dismissed. Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint. The Court expresses no opinion as to the merits of such a civil rights complaint.

As it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

In an appropriate case a habeas petition may be construed as a Section 1983 complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). Although the Court may construe a habeas petition as a civil rights action, it is

not required to do so. Since the time when the <u>Wilwording</u> case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $400 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. <u>See</u> 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Petitioner if the petition were construed as a civil rights complaint, the case is DISMISSED without prejudice to Petitioner to present the claims in a civil rights complaint pursuant to 42 U.S.C. § 1983. The Clerk of Court shall send Petitioner a blank civil rights complaint form along with a copy of this Order.

## II.     ADDITIONAL MOTIONS FILED BY PETITIONER

Petitioner has filed several additional motions for relief. The Court will address each in turn.

### A.     Motions to Amend

Petitioner has filed several motions to amend his pleadings. The Court will liberally construe Plaintiff's *pro se* motions to amend to incorporate the additional arguments presented, even though not procedurally appropriate. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (*pro se* pleadings are liberally construed). On June 29, 2015, Petitioner filed two separate motions to amend. (ECF Nos. 18-19.) In the motions, Petitioner attempts to allege additional claims for alleged constitutional violations for his First Amendment right to access the courts, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment rights for deprivation of his human needs. (<u>Id.</u>) These claims, like the claims

originally stated in his petition, address issues with the conditions of his confinement, and are not cognizable by way of a habeas corpus petition. While the Court will allow the incorporation of these arguments, it does not affect the decision of the Court to dismiss the petition for failure to state cognizable claims. Accordingly, the motions to amend are granted, however, Petitioner is not entitled to relief on the newly presented claims.

### B.     Motions for Injunctive Relief

Petitioner also filed two motions for injunctive relief. (ECF Nos. 27, 36.) In each motion, Petitioner seeks to taken out of the Secured Housing Unit, transferred to a new prison, and to have his legal claims expediently adjudicated. Rule 65(a) of the Federal Rules of Civil Procedure allows the Court to issue a preliminary injunction.  The Court can issue a temporary restraining order if the moving party has shown either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984).  As the Court has determined that Petitioner has not presented claims cognizable in federal habeas, it finds that Petitioner has not shown a likelihood of success on the merits. Petitioner is not entitled to injunctive relief, and recommends that the motions for injunctive relief be denied.

### III.     **CONCLUSION AND RECOMMENDATION**

Therefore it is RECOMMENDED that the petition for writ of habeas corpus be DISMISSED without prejudice to Petitioner's right to file a civil rights action pursuant to 42 U.S.C. § 1983. Further, it is recommended that Petitioner's motions to amend be granted, and his motions for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy,

any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   March 4, 2016                          /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE