UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. JOHNSON,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>MATEVOUSIAN,<br><br>　　　　　　Respondent. | No. 1:15-cv-00600-DAD-MJS<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND TO DENY MOTIONS FOR INJUNCTIVE RELIEF; ORDER GRANTING LEAVE TO AMEND PETITION; AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. Nos. 18, 19, 27, 36, 38, 42) |

　　　　Petitioner Steven A. Johnson is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his pending petition, petitioner challenges: (1) his placement in the Special Housing Unit ("SHU") at USP Atwater; (2) the failure of prison officials to provide petitioner with his personal property, including legal materials; (3) the denial by prison officials of petitioner's requests to send legal mail; and (4) the failure by prison officials to protect petitioner from assault by other inmates. (Doc. No. 1.) Additionally, in his proposed first amended petition, petitioner also alleges violation of his: (5) First Amendment right to access to the courts; (6) Eighth Amendment right to be free from cruel and unusual punishment; and (7) Fourteenth Amendment rights for deprivation of his human

needs. (Doc. No. 20.) According to petitioner, he has been confined in the SHU for over a year and without an initial indication as to the duration of that confinement. (*See* Doc. No. 1 at 6.) Petitioner seeks, among other remedies, a change to his conditions of confinement and to be transferred to a different prison. (*Id.*)

## THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

On March 7, 2016, the assigned magistrate judge issued findings and recommendations, recommending that the petition for writ of habeas corpus be dismissed. (Doc. No. 38.) The magistrate judge concluded that this court lacks jurisdiction over petitioner's claims because the petition does not challenge the fact or duration of petitioner's confinement. (*Id.*) Additionally, the magistrate judge recommended that petitioner's motions to amend his petition (*see* Doc. Nos. 18–19) be granted, but that his first amended petition also be dismissed for failure to present claims over which this court may exercise habeas jurisdiction. (Doc. No. 38 at 7.) Finally, the magistrate judge recommended that petitioner's motions for injunctive relief (*see* Doc. Nos. 27, 36) be denied. (Doc. No. 38 at 7.) The findings and recommendations were served on all parties with notice that any objections thereto were to be filed within fourteen days of the date of service of the findings and recommendations. (*Id.* at 7–8.) Petitioner objected to the findings and recommendations on March 17, 2016. (Doc. No. 39.) Separately, on July 25, 2016, petitioner filed a motion for default judgment. (Doc. No. 42.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case and has carefully reviewed the entire file, including petitioner's objections. For the reasons stated below, the court will adopt the March 7, 2016 findings and recommendations in part.

## DISCUSSION

**A.    The District Court's Jurisdiction Over Habeas Corpus Petitions**

In the findings and recommendations, the assigned magistrate judge concluded that the pending petition for writ of habeas corpus (Doc. No. 1), and petitioner's contemplated first amended petition (*see* Doc. Nos. 18–20), fail to state a cognizable bases for relief under 28 U.S.C.

/////

§ 2241 because they do not challenge the fact or duration of his confinement. (Doc. No. 38 at 2–7.)

A federal prisoner seeking to challenge the fact or duration of his confinement must generally do so under 28 U.S.C. § 2255. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Under the one recognized exception to this general rule, the so-called "escape hatch" of § 2255, a federal prisoner may seek habeas relief under 28 U.S.C. § 2241, if and only if his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Stephens*, 464 F.3d at 897; *see also Hernandez v. Campbell*, 204 F.3d 861, 864–65 (9th Cir. 2000) (holding that although a federal prisoner challenging the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must instead bring a petition for writ of habeas corpus under 28 U.S.C. § 2241). Under § 2241, habeas corpus relief is available if the federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3).

1. Challenges to Conditions of Confinement

Here, nearly all of the claims in petitioner's original and first amended petitions—that prison officials failed to provide him access to personal property, legal materials, and mail; failed to protect him from another inmate; denied him access to the courts; subjected him to cruel and unusual punishment; and deprived him of his human needs—constitute challenges to the conditions of his confinement. Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *see, e.g.*, *Nostratis v. Surgue*, No. 1:09-cv-00126-GSA, 2009 WL 462732 at *1 (E.D. Cal. Feb. 23, 2009) (petitioner's claim that he should be transferred to another facility should be raised in a *Bivens* action not a § 2241 habeas corpus proceeding); *Evans v. U.S. Penitentiary,* No. 1:07-cv-01611-OWW-GSA, 2007 WL 4212339 at *1 (E.D. Cal. Nov. 27, 2007) (petitioner not entitled to habeas corpus relief under § 2241 because his claims regarding a recent

3

transfer and inadequate medical care concern conditions of his confinement); *Blow v. Bureau of Prisons*, No. 1:07-cv-1119-OWW-NEW (DLB), 2007 WL 2403561 at *1 (E.D. Cal. Aug. 20, 2007) (habeas corpus relief under § 2241 does not extend to petitioner's requests for a transfer to another facility and access to the law library because they concern conditions of his confinement); *Wilson v. Wrigley,* No. CIV 1:07-cv-00142-LJO-DLB, 2007 WL 1378024 at *2 (E.D. Cal. May 10, 2007) (petitioner not entitled to habeas corpus relief under § 2241 because his request to be transferred to a different institution does not impact the duration of his confinement).  *Cf. Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (state prisoners should challenge conditions of confinement in a civil rights action under 42 U.S.C. § 1983 not in a habeas corpus proceeding). Thus, the magistrate judge correctly concluded that such challenges to petitioner's conditions of confinement are properly brought, if at all, through a civil rights action.  Accordingly, petitioner's original and amended petitions will be dismissed with respect to these claims without prejudice to his filing of a *Bivens* civil rights action.

        2.       <u>Challenges Seeking a Change in the Level of Confinement</u>

During the course of this case, however, there has been some confusion about whether this court has jurisdiction over a habeas corpus petition seeking a quantum change in the level of confinement—e.g., where a prisoner seeks release from the SHU to the general population.  On June 18, 2015, the magistrate judge withdrew his initial findings and recommendations with regard to the petition, and concluded that petitioner might state a cognizable basis for habeas relief based on the contention that he was seeking a quantum change in the level of his confinement, in view of the then recent Ninth Circuit panel decision in *Nettles v. Grounds* ("*Nettles I*"), 788 F.3d 992, 996 (9th Cir. 2015).  (Doc. No. 16.)  On January 20, 2016, the Ninth Circuit voted to rehear the case en banc and to vacate the panel opinion in *Nettles I.  Nettles v. Grounds*, 810 F.3d 1138 (9th Cir. 2016).  Thereafter and as a result, the magistrate judge recommended dismissing the petition pending before the court in this case entirely for lack of jurisdiction.  (Doc. No. 38 at 2.)  Since the issuance of the March 7, 2016 findings and recommendations, however, the Ninth Circuit has reheard the *Nettles* case en banc.  *See Nettles v. Grounds* ("*Nettles II*"), 830 F.3d 922, 924 (9th Cir. 2016), *cert. denied*, ___U.S.___, No. 16-

6556, 2017 WL 69407 (U.S. Jan. 9, 2017).  In *Nettles II*, the Ninth Circuit held that "if a state prisoner's claim does not lie at the core of habeas corpus . . . it may not be brought in habeas corpus but must be brought, if at all, under [42 U.S.C.] § 1983." 830 F.3d at 931 (citations and internal quotations omitted).  Because the petitioner in *Nettles* was a state prisoner, the majority explicitly declined to extend its holding to relief sought by prisoners in federal custody.  *Id.*; *see also id.* at 945–46 (Berzon, J., dissenting) (noting that the majority holding does not apply to claims by federal prisoners petitioning under § 2241).

In contrast to the holding in *Nettles II*, several recent Ninth Circuit decisions suggest that the scope of habeas relief available to federal prisoners remains broader than is available to those in state custody.  For instance, in *Crickon v. Thomas*, 579 F.3d 978, 982 (9th Cir. 2009), a prisoner in the custody of the Federal Bureau of Prisons ("BOP") filed a habeas petition under § 2241 challenging the BOP's determination that he was categorically ineligible for an early release incentives through the BOP's Residential Drug Abuse Program ("RDAP") due to the nature of his underlying conviction.  The Ninth Circuit held that the BOP's alleged failure to articulate the basis for its rule violated the Administrative Procedure Act, and ordered the BOP to reconsider the prisoner's eligibility for the early release incentive.  *Id.* at 988–89.  In *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011), the Ninth Circuit held that federal courts lack jurisdiction under § 2241 to review the BOP's *individualized* determinations of eligibility under RDAP, but noted that judicial review "remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority." *See also Close v. Thomas*, 653 F.3d 970, 974 (9th Cir. 2011) (recognizing that a challenge to the BOP's system of ranking RDAP-eligible inmates on a wait list is within the court's habeas jurisdiction).  Finally, in *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016), a federal prisoner challenged a BOP determination regarding his placement under 18 U.S.C. § 3621.  The Ninth Circuit held that even though such a determination was discretionary, it may still be challenged on the basis that the BOP violated the Constitution or exceeded its statutory authority pursuant to § 3621.  *Id.*

/////

Moreover, the Ninth Circuit has previously recognized that a prisoner may properly seek habeas relief from "the imposition of disciplinary sanctions involving forfeiture of statutory good time or segregation from the general prison population." *See Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989), *overruled on other grounds by Nettles II*, 830 F.3d 922 (9th Cir. 2016); *cf. Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) ("If the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation—then habeas corpus is his remedy.").[1]

Here, it is unclear whether petitioner Johnson is alleging a cognizable basis for relief under § 2241. In his pending petition he alleges that he has been confined in the SHU for over a year, but has not alleged facts regarding the nature of the placement determination. It remains unclear whether petitioner is alleging that prison officials made this determination in violation of the Constitution or their authority under federal statutes. Consequently, the pending habeas corpus petition should be dismissed for failure to adequately state a basis for habeas relief. However, because amendment would not necessarily be futile, the court will grant petitioner leave to amend his petition brought under § 2241 with respect to his placement in the SHU.[2]

**B.    Injunctive Relief**

With respect to the magistrate judge's conclusions regarding petitioner's motions for injunctive relief (*see* Doc. Nos. 27, 36), the court finds the findings and recommendations to be

---

[1] Where, for example, a prisoner challenges the loss of good-time credits or placement in solitary confinement as a result of a disciplinary hearing, the prisoner is entitled to the following procedural safeguards: (1) advanced written notice of the claimed violation at least twenty-four hours before the hearing, (2) a written statement of fact findings as to the evidence relied upon and reasons for the actions taken, and (3) a right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals. *Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974).

[2] The court notes that since the filing of his original petition, petitioner appears to have been transferred to at least two other federal facilities. (*See* Doc. Nos. 30, 35.) Thus, it remains unclear whether petitioner continues to be placed in segregated housing or whether any potential habeas claim has been rendered moot.

supported by the record and proper analysis. (*See* Doc. No. 38 at 7.)

## CONCLUSION

Accordingly,

1. The March 7, 2016 findings and recommendations (Doc. No. 38) are adopted in part, consistent with the reasons set forth above;
2. Petitioner's motions to amend his petition (Doc. Nos. 18, 19) are granted;
3. The original and amended petitions for writ of habeas corpus are dismissed with respect to petitioner's conditions of confinement claims without prejudice to his filing of a *Bivens* civil rights action;
4. Petitioner's motions for injunctive relief (Doc. Nos. 27, 36) are denied;
5. Petitioner's motion for default judgment (Doc. No. 42) is denied as having been rendered moot by this order;
6. Petitioner is granted leave to file an amended petition for writ of habeas corpus, within thirty (30) days of service of this order, with respect to prison officials' decision to place him in the SHU and his seeking of a quantum change in the level of his confinement;
7. Failure to file an amended petition may result in dismissal of this habeas action; and
8. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: __**February 2, 2017**__                    _Dale A. Drozd_
                                                    UNITED STATES DISTRICT JUDGE