UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. JOHNSON,<br><br>    Petitioner,<br><br>v.<br><br>A. MATEVOUSIAN, Warden ,<br><br>    Respondent. | Case No. 1:15-cv-00600-DAD-MJS<br><br>**FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent A. Matevousian is represented by Timothy H. Delgado, Assistant United States Attorney.

For the reasons stated below, the undersigned recommends that the petition be denied.

**I.    Procedural History**

Petitioner is currently in federal custody at the United States Penitentiary, Canaan, in Waymart, Pennsylvania. He is serving a 96-month prison term following his 2011 conviction in the Eastern District of Michigan for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). He has a projected release date of April 24, 2018. (ECF No. 51-1 at 9-10.)

Plaintiff initiated this action on April 17, 2015 with the filing of a document styled as a petition for relief pursuant to 28 U.S.C. § 2241. (ECF No. 1.) On April 27, 2015, the undersigned issued findings and recommendations to dismiss the petition for lack of jurisdiction under § 2241 on the ground that the claims contained therein were not cognizable in a habeas corpus action. (ECF No. 4.) On June 18, 2015, the findings and recommendations were withdrawn in light of the then-recent Ninth Circuit decision in Nettles v. Grounds (Nettles I), 788 F.3d 992, 995 (9th Cir. 2015), reh'g en banc granted, 810 F.3d 1138 (9th Cir. 2016), and on reh'g en banc, 830 F.3d 922 (9th Cir. 2016), cert. denied, 137 S. Ct. 645, 196 L. Ed. 2d 542 (2017). (ECF No. 16.) The undersigned noted that Petitioner was potentially eligible for habeas corpus relief because he sought release from the Secured Housing Unit, which would constitute a quantum change in his level of confinement. Accordingly, Respondent was ordered to answer. (Id.)

On July 2, 2015, Petitioner filed a first amended petition. (ECF No. 20.) On August 17, 2015, Respondent filed a response, in which he argued that the petition should be dismissed for failure to exhaust administrative remedies and because the claims are not cognizable. (ECF No. 23.) Petitioner filed a letter (ECF No. 32), two motions for preliminary injunctive relief (ECF Nos. 27, 36), and, on September 18, 2015, a traverse (ECF No. 29).

On March 7, 2016, the undersigned issued findings and recommendations to dismiss the petition and motions for injunctive relief for lack of jurisdiction. (ECF No. 38.) The Court noted that the decision in Nettles I had been vacated pending rehearing en banc. Based on the then-current state of the law, Petitioner's claims regarding his institutional placement, including placement in a security management unit, were not cognizable in habeas corpus. (Id.) While the findings and recommendations were pending, the Ninth Circuit issued its decision following rehearing en banc in Nettles v. Grounds (Nettles II), 830 F.3d 922 (9th Cir. 2016).

On February 2, 2017, the District Judge adopted the findings and recommendations in part. The District Judge stated as follows:

> Here, it is unclear whether petitioner Johnson is alleging a cognizable basis for relief under § 2241. In his pending petition he alleges that he has been confined in the SHU for over a year, but has not alleged facts regarding the nature of the placement determination. It remains unclear whether petitioner is alleging that prison officials made this determination in violation of the Constitution or their authority under federal statutes. Consequently, the pending habeas corpus petition should be dismissed for failure to adequately state a basis for habeas relief. However, because amendment would not necessarily be futile, the court will grant petitioner leave to amend his petition brought under § 2241 with respect to his placement in the SHU. [FN2]
>
> [fn2] The court notes that since the filing of his original petition, petitioner appears to have been transferred to at least two other federal facilities. (See Doc. Nos. 30, 35.) Thus, it remains unclear whether petitioner continues to be placed in segregated housing or whether any potential habeas claim has been rendered moot.

(ECF No. 45.) Petitioner's remaining claims were dismissed with prejudice and he was given leave to amend. (Id.)

On March 6, 2017, Petitioner filed a second amended petition. (ECF No. 48.) On May 16, 2017, Respondent filed an answer, arguing that the petition should be dismissed for failure to exhaust administrative remedies. Respondent also argued that the Court lacks jurisdiction to address any "freestanding challenge to Petitioner's placement in the SHU, untethered to any disciplinary proceeding," because "this represents a challenge to prison conditions, and the Court lacks subject matter jurisdiction to hear such a claim." (Id. at 51.) Lastly, Respondent argues that, to the extent Petitioner challenges disciplinary proceedings in which he lost good conduct time, he received all of the process he was due. On June 2, 2017, Petitioner filed a traverse. (ECF No. 52.) The matter is submitted.

## II. Factual Background[1]

Petitioner is proceeding pro se and, despite having twice amended the petition, his claims so lack specificity that it remains difficult to discern which actions by prison staff he is challenging. As best the Court can tell, he appears to challenge his time in non-disciplinary segregation while housed at USP Atwater. Petitioner also seeks restoration of Good Conduct Time ("GCT"); this claim is the sole claim addressed on the merits in Respondent's most recent answer. However, Petitioner does not specify which disciplinary proceeding or proceedings he wishes to contest with regard to the revocation of good conduct time.

The Court will endeavor to construe the petition liberally and to identify, as specifically as possible, the government actions that Petitioner appears to contest. However, in so doing, the Court is necessarily confined to the disciplinary and other housing decisions identified by Respondent, given Petitioner's failure to provide any further information about the specific decisions underlying his complaints.

### A. Initial Placement in Segregation – Incident Report #2562801

On October 17, 2013, Petitioner was transferred to United States Penitentiary ("USP") Atwater from USP Lee in Jonesville, Virginia as a disciplinary transfer. (ECF No. 24-3 at 3.)

On March 5, 2014, Petitioner allegedly assaulted an officer by punching him in the face and biting him on the arm. (ECF No. 51-1 at 29.) This resulted in Incident Report # 2562801. Petitioner was placed in administrative detention pending referral of the disciplinary charge to the Discipline Hearing Officer ("DHO"). (Id. at 30; ECF No. 24 at 2.) The DHO hearing was stayed pending a determination by the FBI and United States Attorney's Office for the Eastern District of California ("USAO-EDCA") as to whether to take the case for prosecution. (ECF No. 51-1 at 32.)

---

[1] Some of the relevant factual background is taken from Respondent's response to the original petition. (ECF No. 23.)

While the DHO hearing was stayed, officials at USP Atwater sought permission from the USAO-EDCA to transfer Petitioner due to his poor adjustment and lengthy disciplinary history at USP Atwater. Petitioner was referred to a Special Management Unit ("SMU") at USP Lewisburg in Lewisburg, Pennsylvania. (ECF No. 24-4 at 2.)

The DHO conducted a hearing on the March 5, 2014 assault charge on May 29, 2015. Petitioner was found guilty of assaulting a staff officer and assessed a 27-day loss of Good Conduct Time ("GCT"), 14-days of non-vested GCT, and 30 days of disciplinary segregation, along with a loss of certain privileges. (ECF No. 51-1 at 40-42.)

### B. Incident Report # 2589069

On May 30, 2014, while housed at USP Atwater, Petitioner received Incident Report # 2589069 for Threatening Another Person with Bodily Harm and Refusing a Direct Order. (ECF No. 51-1 at 18, 21, 25.) It was alleged that petitioner had refused a direct order to replace his clothing with paper clothing, refused to be moved to another cell, and stated, "[B]ring the [Use of Force] team in, I'm going to kill one of them." (Id. at 18.) He then attempted to barricade himself in his cell with a mattress and only submitted to handcuffs as staff readied to use pepper spray. (Id.)

The DHO conducted a hearing on June 12, 2014 and concluded that the acts were committed as charged. (Id. at 25-26.) Petitioner was assessed a 27-day loss of GCT, 30 days of disciplinary segregation, and loss of other privileges. (Id. at 26.)

### C. Incident Report # 2731853

On June 27, 2015, while housed at USP Atwater, Petitioner received Incident Report # 2731853 for Tampering with Any Security Device and Refusing to Obey an Order of Any Staff Member. (Id. at 44.) It was alleged that Petitioner repeatedly pressed the inmate duress alarm in his cell to complain about his food tray. Although instructed to use the alarm only for emergency, he continued to press the button and began to kick his door. When instructed to return his food tray, he refused. (Id.)

5

The DHO conducted a hearing on July 2, 2015, and concluded that the acts were committed as charged. (Id. at 53-54.) Petitioner was assessed a 27-day loss of GCT, 30 days of disciplinary segregation, and other loss of privileges. (Id. at 26.)

## II. Jurisdiction and Venue

Writ of habeas corpus relief extends to a person in federal custody who can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Petitioner's claims are proper, if at all, under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of Petitioner's sentence and not the fact of Petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998). The extent to which the Court has jurisdiction over Petitioner's individual claims is discussed in greater detail below.

Petitioner is challenging the execution of his sentence at United States Penitentiary, Atwater, an institution within the Fresno Division of the Eastern District of California. Venue is therefore proper in this district. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

## III. Disciplinary Decisions

### A. Exhaustion

Respondent contends that Petitioner did not exhaust administrative remedies with regard to any of the disciplinary decisions that resulted in a loss of GCT while Petitioner was housed at USP Atwater.

#### 1. Applicable Law

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, exhaustion

under § 2241 is not a jurisdictional prerequisite. Id. Courts have discretion to waive a prudential exhaustion requirement; however, this discretion is not unfettered. Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2012) ("Prudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."); Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (noting that a prudential exhaustion requirement "is not lightly to be disregarded").

The exhaustion requirement may be waived where pursuit of administrative remedies would be futile. Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993). Exhaustion of administrative remedies has been held to be futile where the request for relief was denied based on an official BOP policy. See, e.g., id.; Ward, 678 F.3d at 1045-46. Exhaustion also may be waived where administrative remedies are inadequate or ineffective, irreparable injury would result, or administrative proceedings would be void. Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 1981) (citation omitted).

The BOP Administrative Remedy Program has several levels. See 28 C.F.R. § 542.10, et seq. Relevant here, the appeal of a decision by a DHO must proceed through the Regional Director (BP-10) and the Central Office (BP-11). The BOP Administrative Remedy Program is exhausted when a prisoner receives a response to his BP-11. See 28 C.F.R. § 542.15(a).

**2. Analysis**

Here, Petitioner pursued only one administrative remedy regarding his disciplinary hearings. In Remedy No. 785442-R1, he challenged the hearing on Incident Report # 2589069. (ECF No. 51-1 at 13.) This administrative remedy was presented only to the Regional Director (BP-10). (Id. at 2, 13.) It was not presented to the Central Office (BP-11). (Id.) It therefore was not exhausted.

Petitioner contends that his failure to exhaust is excused under unspecified Ninth Circuit precedent. He cites general legal propositions regarding exhaustion but does not

specify the facts that support this contention. He states, somewhat equivocally, that he is not sure he received a response to his administrative remedy or, if he did, the response was delayed. Petitioner's speculation in this regard is insufficient to suggest that administrative remedies were inadequate or ineffective, or to explain why he did not pursue them further. This also does not explain his failure to pursue administrative remedies regarding any of the other hearings.

Petitioner does not present any evidence to suggest he exhausted administrative remedies or that exhaustion should be waived. Because Petitioner has an adequate administrative remedy that has not been exhausted, the claims should be dismissed. Alternatively, Petitioner's challenges to the disciplinary proceedings may be denied on the merits, for the reasons set forth below.

**B.     Review of the Disciplinary Decisions**

Petitioner cites to general legal propositions regarding due process requirements applicable to disciplinary proceedings but does not point to any specific deficiencies in the proceedings at issue here, other than an absence of counsel and the lack of a trial by jury. For the reasons set forth below, the Court concludes that Petitioner was afforded all process due him.

**1.     Applicable Law**

**a.     Due Process**

The law concerning a prisoner's Fourteenth Amendment liberty interest in good conduct time is set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). While the United States Constitution does not guarantee good conduct time, an inmate has a liberty interest in good conduct time when a state statute provides such a right and delineates that it is not to be taken away except for serious misconduct. Id. at 557. Inmates involved in a disciplinary action are entitled to procedural protections under the Due Process Clause, but not to the full array of rights afforded to criminal defendants. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a

prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good conduct time, due process requires that the prisoner receive: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-571; Hill, 472 U.S. at 454.

The disciplinary decision also must be supported by "some evidence from which the finding of the administrative tribunal could be deduced." Hill, 472 U.S. at 445. A court must refrain from making its own assessment of the credibility of witnesses or second guessing the fact finding determinations and decisions of the disciplinary board. Id.. Thus, the "some evidence" standard under Hill is "minimally stringent," and the courts may not "set aside decisions of prison administrators that have some basis in fact." Id. at 455-56. Further, the existing evidence need not "logically preclude" any conclusion other than the one reached by the hearing officer. Id. at 457.

### b. Federal Regulations

In addition to these requirements, the Bureau of Prisons has, by regulation, adopted specific guidelines for inmate discipline which are set forth at 28 C.F.R. § 541.1, et seq. The process is initiated when a staff member issues an incident report describing the incident and the charge committed. 28 C.F.R. § 541.5(a). The report is then assigned to a staff member for investigation and the prisoner is informed of his rights. 28 C.F.R. § 541.5(b). Following investigation, the report is reviewed by the Unit Discipline Committee ("UDC"). 28 C.F.R. § 541.7(a). This review ordinarily occurs within five days

but may be suspended if the incident is being considered for criminal prosecution. 28 C.F.R. § 541.7(c). Depending on the seriousness of the offense, the UDC may refer the report to the DHO for further review. 28 C.F.R. § 541.7(a)(3).

Federal regulations regarding the DHO largely mirror the due process requirements of Wolff. The DHO must be an impartial decision maker who was not a victim, witness, investigator, or otherwise significantly involved in the incident. 28 C.F.R. § 541.8(b). The prisoner must receive written notice of the charges at least 24 hours prior to the DHO hearing. 28 C.F.R. § 541.8(c). The prisoner may request a staff representative and may appear at the hearing. 28 C.F.R. § 541.8(d)-(e). The prisoner may make a statement and may present documentary evidence and the prisoner may request witnesses subject to certain limitations. 28 C.F.R. § 541.8(f). The DHO's decision will be based on "some facts" and the greater weight of the evidence. Id. The DHO must provide the prisoner with a written report of the hearing that includes the evidence relied on, the sanctions imposed, and the reason therefore. 28 C.F.R. § 541.8(h).

### 2. Incident Report # 2562801

The incident at issue in Report # 2562801 was alleged to have occurred on March 5, 2014. (ECF No. 51-1 at 29.) On May 12, 2015, Petitioner received notice of the charge of Assaulting Any Person (with serious injury). (Id.) On May 14, 2015, he received notice of the DHO hearing. (Id. at 34.) Petitioner requested, and was assigned, a Staff Representative. (Id.) He did not request any witnesses. (Id.) Petitioner ultimately declined to appear at the May 29, 2015 hearing, despite being afforded the opportunity to do so. (Id. at 38.) The DHO found Petitioner had committed the act of Assaulting Any Person (without serious injury).

The DHO noted that his finding was supported by the following evidence: the officer's written report, supporting memorandums from the responding staff, evidence photographs, injury assessments, the Inmate's chronological disciplinary record

(including an extensive disciplinary record for assaults on staff) and the lack of any exculpatory evidence. (Id. at 41.) The only evidence in Petitioner's defense was his written statement that he was unsure whether he was on the compound on the date of incident. (Id.) However, this contention was belied by data confirming that Petitioner was, in fact, on the compound. (Id.)

Based on the foregoing, Petitioner was provided all of the procedural protections required under Wolff. He received written notice of the charges well over 24 hours prior to the hearing. Petitioner was afforded the opportunity to request witnesses but declined. He also was provided a Staff Representative. The DHO provided a written statement of the evidence relied on and the reasons for taking disciplinary action. Petitioner does not argue that any of these procedures were deficient. Instead, Petitioner argues that he was entitled to a public trial by jury and the assistance of counsel. (ECF No. 52 at 3.) Petitioner, however, is incorrect. Wolff, 418 U.S. at 556, 570 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.")

Furthermore, it is apparent that the disciplinary decision was supported by "some evidence," most directly in the form of the involved officer's report. (ECF No. 51-1 at 29.) Petitioner did not undermine the credibility of this evidence at the hearing, and does not now present any argument to suggest the evidence was insufficiently reliable.

The Court concludes that due process was satisfied in relation to Incident Report # 2562801. Petitioner also does not point to any violation of federal regulations in the disciplinary process and the Court finds none.

### 3. Incident Report # 2589069

The incident at issue in Report # 2589069 was alleged to have occurred on May 30, 2014. (ECF No. 51-1 at 18.) On May 31, 2015, Petitioner received notice of the charge of Threatening Another with Bodily Harm and Refusing a Direct Order. (Id.) On

June 2, 2015, he received notice of the DHO hearing. (Id. at 21.) He declined a Staff Representative and did not request witnesses. (Id.)

The hearing was held on June 12, 2014. (Id. at 25.) There, Petitioner provided the following statement: "I did not state I was going to kill him." (Id.) The DHO found Petitioner had committed the acts as charged. (Id. at 26.) The DHO noted that his finding was supported by the reporting officer's statement and the lack of any exculpatory evidence from Petitioner. The DHO gave greater weight to the reporting officer's statement. (Id. at 26.)

Based on the foregoing, Petitioner was provided all of the procedural protections required under Wolff. He received written notice of the charges well over 24 hours prior to the hearing. He was afforded the opportunity to request witnesses and a Staff Representative but declined. The DHO provided a written statement of the evidence relied on and the reasons for taking disciplinary action. Petitioner does not argue that any of these procedures were deficient.

Furthermore, it is apparent that the disciplinary decision was supported by "some evidence," specifically the involved officer's report. (ECF No. 51-1 at 18.) Notably, Petitioner did not deny that the incident occurred, and stated only that he did not threaten to kill the officer. Petitioner did not otherwise undermine the credibility of the evidence presented at the hearing, and does not now present any argument to suggest the evidence was insufficiently reliable.

The Court concludes that due process was satisfied in relation to Incident Report # 2589069. Petitioner also does not point to any violation of federal regulations in the disciplinary process and the Court finds none.

### 4. Incident Report # 2731853

The incident at issue in Report # 2731853 was alleged to have occurred on June 27, 2015. (ECF No. 51-1 at 44.) Petitioner received notice of the incident the same day. (Id.) On June 30, 2015, he received notice of the DHO hearing and the charges of

Interfering with a Security Device and Refusing an Order. (Id. at 47.) He declined a Staff Representative and did not request witnesses. (Id. at 47.) Petitioner additionally declined to appear at the July 2, 2015 hearing, despite being afforded the opportunity to do so. (Id. at 51.) Petitioner submitted written statements for the hearing that acknowledged he had repeatedly pressed the inmate duress alarm in his cell and kicked his door to complain about his food tray, and he believed he was within his rights to do so because the officers were ignoring him. (Id. at 47, 49, 51.)

The DHO found Petitioner had committed the acts as charged. (Id. at 54.) The DHO noted that his finding was supported by the reporting officer's statement, Petitioner's own admission, and Petitioner's disciplinary record. (Id.)

Based on the foregoing, Petitioner was provided all of the procedural protections required under Wolff. He received written notice of the charges well over 24 hours prior to the hearing. He was afforded the opportunity to request witnesses and a Staff Representative, but declined. The DHO provided a written statement of the evidence relied on and the reasons for taking disciplinary action. Petitioner does not argue that any of these procedures were deficient.

Furthermore, it is apparent that the disciplinary decision was supported by "some evidence," most directly the reporting officer's statement and Petitioner's own admissions. (Id. at 44, 47, 49, 51.) Petitioner did not undermine the credibility of this evidence at the hearing, and does not now present any argument to suggest the evidence was insufficiently reliable.

The Court concludes that due process was satisfied in relation to Incident Report # 2731853. Petitioner also does not point to any violation of federal regulations in the disciplinary process and the Court finds none.

**IV. Challenge to Administrative Segregated Housing Placement**

The District Judge assigned to this action granted Petitioner leave to amend because Petitioner had failed to allege facts regarding his placement in the SHU and it

therefore was unclear whether he was alleging a cognizable basis for relief under § 2241. The second amended petition does not appear to challenge Petitioner's confinement in disciplinary segregation. Instead, it appears that Petitioner contends that he was improperly held in the SHU for non-disciplinary reasons prior to and following his terms in disciplinary segregation. More specifically, Petitioner states that he spent in excess of 90 days in the SHU without a disciplinary reason during his 18 months at USP Atwater. He states that this administrative detention was unlawful because his file does not contain an Administrative Detention Order, in violation of BOP Program Statement 5270.11(4). Additionally, his conditions of confinement there violated 18 U.S.C. § 4042.

To the extent the Court otherwise has jurisdiction over this claim, it appears to be moot. Petitioner is no longer housed at USP Atwater. He does not allege that his current housing assignment has resulted in any way from the violations alleged at USP Atwater. He previously was advised that his transfer to another institution may have rendered his claim moot (ECF No. 6), but does not now explain how or why this claim could still present a live controversy. It appears that he merely seeks vindication for what he views as deficient procedures in maintaining him in administrative segregation at a previous time. The Court cannot afford petitioner any relief for such a claim in this habeas action.

## V. Challenges to Conditions of Confinement

Petitioner again raises claims regarding his general conditions of confinement and the confiscation of his personal property. As Petitioner has been advised, these claims must be brought in a civil rights action. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Such claims have been dismissed from this action with prejudice. (ECF No. 45.) Accordingly, they are not addressed herein.

## VI. Conclusion and Recommendations

Based on the foregoing, it is HEREBY RECOMMENDED that the petition be denied with prejudice.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: August 26, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE